**MANDATE**

NHCT/Conn
03-CR-14
Underhill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 4th day of Jan two thousand and Five

PRESENT:

    JON O. NEWMAN,
    ROSEMARY S. POOLER,
    ROBERT A. KATZMANN,

        Circuit Judges,

UNITED STATES OF AMERICA,

        Appellee,

    -v-                               (No. 04-2023)

RONALD MILEY,

        Defendant-Appellant.

| | |
|---|---|
| Appearing for Defendant-Appellant: | Howard C. Eckenrode, Meuser, Eckenrode & Hayes, Milford, CT |
| Appearing for Appellee: | Robert M. Spector, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut and William J. Nardini, Assistant United States Attorney, on the brief), New Haven, CT |

Appeal from the United States District Court for the District of Connecticut (Stefan R. Underhill, J.).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,

ISSUED AS MANDATE: 5/3/05

**AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-appellant Ronald Miley appeals from the District Court's judgment, filed March 26, 2004, and entered April 1, 2004, convicting him, pursuant to a plea agreement, of unlawful possession of ammunition by a convicted felon under 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and sentencing him to 41 months imprisonment to run concurrent with the remainder of his state sentence, without credit for time already served. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. With the consent of both parties, we construe the instant appeal as encompassing, in addition to the judgment, the District Court's decision dated September 13, 2004, denying defendant's motion to vacate his sentence and for leave to withdraw his guilty plea.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. We may reverse if the District Court relied on a mistake of law or a clearly erroneous finding of fact. See United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002). Whether the plea was entered with effective assistance of counsel is a question that we may take up, if at all, de novo. See United States v. Finley, 245 F.3d 199 (2d Cir. 2001). If the record is sufficient, we may decide this claim on the record; otherwise we may remand for fact finding or dismiss to allow appellant to raise it in a habeas petition. See United States v. Leone, 215 F.3d 253, 256 (2d Cir. 2000). As ineffectiveness of defense counsel is the only substantive claim on appeal, and as both parties seek a decision on this claim, we elect to reach the merits of appellant's ineffectiveness argument.

The record of proceedings in the District Court conclusively rebut any assertion that the Court breached a representation to appellant. A guilty plea may be involuntary, and thus invalid, if entered into without the effective assistance of counsel as determined by the Strickland test of objectively deficient performance plus prejudice. See Strickland v. Washington, 466 U.S. 668 (1984); United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001).

While defense counsel's affirmative misrepresentation of the consequences of a guilty plea may constitute ineffective assistance of counsel rendering the plea invalid, see Couto, 311 F.3d at 179, here the District Court engaged defendant in a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, during which defendant acknowledged repeatedly under oath that no promises or conditions on his plea would be recognized that did not appear in the written plea agreement. The prejudice from any misrepresentation by defense counsel was thereby dispelled by the time defendant pleaded guilty. See Hernandez, 242 F.3d at 112. We note that defense counsel represented at sentencing that defendant's primary motivation to plead guilty was the possibility of having his federal sentence run concurrent with the remainder of his state sentence, and made no mention of any expectation that defendant would receive credit for time already served on his state sentence.

In light of these facts, defendant has not met his burden of demonstrating a "reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." Id. at 112.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.

        FOR THE COURT:
        ROSEANN B. MACKECHNIE, Clerk

BY: *Lucille Carr*    DATE: 1/4/05

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK